UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH BERNARD<br>    Plaintiff<br><br>VERSUS<br><br>DOLGENCORP, LLC dba<br>DOLLAR GENERAL AND<br>ABC INSURANCE COMPANY | CASE NO. 15-02541<br><br>JUDGE RICHARD T. HAIK<br><br>MAGISTRATE PATRICK<br>HANNA<br><br>JURY DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

TO:    The Honorable Judges
of the United States District Court
for the Western District of Louisiana

**NOW INTO COURT**, through undersigned counsel, comes defendant, **DG LOUISIANA, LLC** (improperly captioned as Dolgencorp, LLC), which now for answers to the plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages as follows:

1.

Defendant denies the allegations in Paragraph I of plaintiff's Petition for Damages. DG Louisiana, LLC, is a foreign limited liability company authorized to do and doing business in the State of Louisiana.

2.

Defendant denies the allegations contained in paragraph II of plaintiff's Petition for Damages.

3.

Defendant denies the allegations contained in paragraph III of plaintiff's Petition for Damages.

4.

Defendant denies the allegations contained in paragraph IV of plaintiff's Petition for Damages, including all subparts.

5.

Defendant denies the allegations contained in paragraph V of plaintiff's Petition for Damages.

6.

Defendant denies the allegations contained in paragraph VI of plaintiff's Petition for Damages. Further, Paragraph 6 of plaintiff's Petition for Damages erroneously calls for a legal conclusion.

7.

Defendant denies the allegations contained in paragraph VII of plaintiff's Petition for Damages, including all subparts.

8.

Defendant denies the allegations contained in paragraph VIII of plaintiff's Petition for Damages, including all subparts.

9.

Defendant denies the allegations contained in paragraph IX of plaintiff's Petition for Damages, including all subparts.

10.

Defendant denies the allegations contained in paragraph X of plaintiff's Petition for Damages.

11.

Defendant denies the allegations contained in paragraph XI of plaintiff's Petition for Damages.

12.

Defendant denies the allegations contained in the prayer for relief of plaintiff's Petition for Damages.

**FURTHER ANSWERING, DG LOUISIANA, LLC,** answers plaintiff's First Supplemental and Amending Petition for Damages:

13.

The allegations contained in Paragraph X of plaintiff's First Supplemental and Amending Petition for Damages.

14.

The allegations contained in the prayer for relief of plaintiff's First Supplemental and Amending Petition for Damages are denied.

15.

FURTHER ANSWERING, defendant avers that the subject injury occurred prior to the plaintiff coming into the Dollar General Store in question, and that he did not suffer the injury while within the store on the date as alleged in his Petition.

16.

FURTHER ANSWERING, defendant avers the plaintiff herein has failed to mitigate his damages and as such any damages sought, which are specifically denied, should be reduced accordingly.

17.

FURTHER ANSWERING, defendant avers that it is entitled to all of the protections and affirmative defenses afforded to it pursuant to L.S.A.-R.S. 9:2800.6, et sec, including, but not limited to, the affirmative defense that there did not exist a dangerous or defective condition on defendant's premises as alleged by the plaintiff herein; defendant had no actual or constructive notice of any dangerous or defective condition which allegedly existed on the premises on the date in question; and defendant did not create the alleged defective or dangerous condition alleged to have caused injuries alleged in plaintiff's Petition for Damages.

18.

FURTHER ANSWERING, defendant avers that the subject injury and any condition for which the plaintiff sought treatment preexisted the date in question as alleged in the Petition, or occurred at a place and time which is different than alleged in plaintiff's Petition for Damages and not on defendant's premises. Therefore, defendant avers that any treatment for which the

plaintiff may have sought and received is not related to any incident which occurred on defendant's premises and defendant is not legally liable for such damages.

19.

FURTHER ANSWERING, Plaintiff failed to state a claim upon which relief can be granted.

20.

FURTHER ANSWERING, defendant avers that it is entitled to a credit for any payments made to or on behalf of the plaintiff for damages complained of by the plaintiff in his Petition herein, whether those payments be made by an individual party or some other entity for past or future damages related to the subject incident.

21.

FURTHER ANSWERING, defendant avers that the subject medical condition complained of in plaintiff's Petition for damages pre-existed the date of the alleged incident and as such, defendant may only be liable to the extent that the alleged incident aggravated said pre-existing condition.

22.

Plaintiff's claims are barred, in whole or in part, by the doctrine of intervening and/or superseding cause.

23.

Plaintiff's claims are barred, in whole or in part, based on the lack of causation between Plaintiff's alleged damages and injuries and any conduct of defendant; such alleged damages or injuries being caused by the action and/or omissions of others over whom defendant exercised no control.

24.

Defendant avers that the condition which Plaintiff has alleged caused Mr. Bernard to fall was open and obvious, and that any such incident which occurred was the sole and proximate fault on the part of plaintiff herein, Kenneth Bernard, for the following non-exclusive particulars:

1. Failing to see what he should have seen;
2. Failing to maintain a proper lookout;
3. Failing to act as a prudent person under the circumstances;
4. Failing to avoid an open and obvious condition; and
5. Any and all other acts of negligence which will be shown at the trial of this matter.

25.

FURTHER ANSWERING, defendant prays for a Trial by Jury on all issues.

WHEREFORE, defendant, DG LOUISIANA, LLC, prays that this answer be deemed good and sufficient and after due proceedings are had, there be judgment herein in it favor, dismissing plaintiff's suit, with prejudice, at his cost. Further, defendant prays for a jury trial on all issues and then for all general and for all general and equitable relief available.

Respectfully submitted,

*/s/ Peter J. Wanek*
PETER J. WANEK, T.A. (Bar No. 23353)
KATHRYN T. TREW (Bar No. 34116)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH, LLC
909 Poydras St., Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
ATTORNEYS FOR DEFENDANT
DG LOUISIANA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF filing system, this 20th Day of October, 2015.

*/s/ Peter J. Wanek*