RECEIVED
AUG - 1 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| KENNETH BERNARD | CIVIL ACTION NO. 6:15-CV-02541 |
|---|---|
| -vs- | JUDGE DRELL |
| DOLGENCORP, LLC dba DOLLAR GENTERAL AND ABC INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is the motion of defendant, called here "Dollar General," for summary judgment. (Doc. 30.) All responsive pleadings have since been filed (Docs. 40, 43), and the matter is ready for disposition. For the following reasons, Dollar General's Motion for Summary Judgment will be **DENIED**.

I.  Background and Procedural History

Dollar General removed this suit pursuant to diversity jurisdiction under 28 U.S.C. §1332. Doc. 1, p. 1. Kenneth Bernard filed the original action on August 13, 2015 in the 15th Judicial District Court (Lafayette Parish, Louisiana), which suit was subsequently removed by Dollar General, alleging complete diversity between the parties as Dollar General is incorporated in Tennessee and Mr. Bernard is domiciled in Louisiana. Doc. 1, p. 3. Dollar General also urged that Mr. Bernard claims damages in excess of $75,000, fulfilling the monetary requirement for diversity jurisdiction. Id.

This suit arises out of an accident that occurred in a Dollar General store located in Carencro, Louisiana. Doc. 1-1, p. 2. On April 25, 2015, Mr. Bernard walked into the Dollar General and

1

allegedly slipped and fell on something wet on the floor. Id. At the time of the accident, Mr. Bernard was delivering bread products for Flowers Bakery of Baton Rouge. Doc. 30-1, p. 2. Mr. Bernard claims he suffered personal injuries as a result of Dollar General's negligence or fault under Louisiana's Merchant Liability statute, La. R.S. 9:2800.6. Doc. 1-1, p. 2.

Dollar General filed this motion for summary judgement claiming Mr. Bernard cannot carry his burden of establishing that Dollar General created or had actual or constructive notice of the water deposit at the time of the accident. Doc. 30-1. Mr. Bernard has opposed Dollar General's motion for summary judgment (Doc. 40) and Dollar General timely replied (Doc. 43), completing the record with all necessary briefs.

Having carefully considered the motion, supporting documents, and briefs, we find the following:

## II. Law and Analysis

### A. Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the non-movant bears the burden of proof at trial, the movant need not disprove every element of the non-movant's case; rather, the movant can satisfy his burden by pointing to the absence of evidence to support the non-movant's case. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Further, we consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted). In this analysis, we review facts and draw all inferences most favorable to the nonmovant; "[h]owever, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat

2

a motion for summary judgment." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

### B. Applying Louisiana's Merchant Liability Statute

Louisiana's merchant liability "slip and fall" statute governs Plaintiff's claims. The Plaintiffs' burden of proof is set forth in the Louisiana Merchant Liability Act, LA. R.S. 9:2800.6 which provides in relevant part:

> B. In a negligence claim brought against a merchant[1] by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

---

[1] La. R.S. 9:2800.6(C)(2) reads: "'Merchant' means one whose business is to sell goods, foods, wares or merchandise at a fixed place of business." There is no dispute that Fred's satisfies this requirement.

3

La.R.S. 9: 2800.6(B)(2). Plaintiff bears this burden of proof and "the failure to prove any of these elements is fatal to the claimant's cause of action." White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1082 (La. 1997).

Dollar General's motion claims Mr. Bernard cannot meet his burden of proving that Dollar General had actual or constructive knowledge of the spill. Doc. 30-1, p. 5. On the day of the accident, it was raining during the time when Mr. Bernard made his deliveries. Doc. 40, p. 1; Doc. 43, p. 1. When Mr. Bernard arrived, he walked through the rain into the store to determine how much product he needed to bring in and then walked back outside to his truck where he loaded his dolly. Doc. 43, p. 2. During his first trip in the store, Dollar General's manager, Debbie Matte, testified in her deposition she told him there was water dripping off of his dolly and he responded "Oh okay, I see. This is my last stop anyways." Doc 40, p. 4; Doc. 43, p. 2. Gina Shiloh, Dollar General's cashier, also stated in her deposition that Mr. Bernard's dolly tracked in water. Doc. 43, p. 2. On his second trip into the store with his product, Mr. Bernard claims he saw no buggy marks, footprints, or wet substance on the ground prior to his fall, but in his post-accident testimony, assumed it was rain water. Doc. 30-1, p. 2; Doc. 43, p. 3. As Dollar General's manager, Ms. Matte, admitted the water was being tracked in by Mr. Bernard, her awareness creates a genuine dispute of material fact as to the cautionary action taken by Dollar General during rainy days, and particularly on this one. While there is some debate in the record as to which Dollar General employee had responsibility for cleaning up rainwater,[2] it is clear that Dollar General was aware of the water and may well have neglected to dry it for customers and vendors entering the store. Doc. 40, p. 3; Doc. 43, p. 5. According to the testimony, Ms. Matte told Mr. Bernard that

---

[2] Ms. Matte states Gina Shiloh, the cashier, was responsible for drying the floor when it is wet on a rainy day. Doc. 40, p. 3. However, Ms. Shiloh states that it was Ms. Matte's responsibility for placing the wet floor signs by the door. Doc. 43, p. 4.

4

he was tracking in water, and may have put out wet floor signs, but did not attempt to clean up the spill or take further precautions. Doc. 40, p. 2; Doc. 43, p. 5. For example, record testimony is devoid of any mats having been utilized to minimize slippery conditions. Under Louisiana's Merchant Liability statute, Ms. Matte had apparent actual knowledge of the rainwater at the entrance of the Dollar General and the matter of whether Dollar General's efforts to keep the area safe is amorphous at best.

### C. Conclusion

Considering the foregoing, Dollar General's Motion for Summary Judgment is **DENIED**.

**SIGNED** on this 15th day of August, 2017 at Alexandria, Louisiana.

_____
DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT